## Ford Estate

690

Before Klein, P. J., Bolger, Lefever, Saylor and Shoyer, JJ.

*Frederick Fiegenberg*, for exceptants.

*Charles Wright* and *James K. Baker*, contra.

BOLGER, J., June 13, 1958.—The Attorney General of Pennsylvania, appearing for the Commonwealth and for Edward B. Rosenberg, escheator, has filed exceptions to the decree of the learned hearing judge dismissing the appeal from probate which was based upon allegation of lack of testamentary capacity and undue influence.

An unusual element in the case is the position of the Attorney General. The original petition for citation sur appeal from probate subscribed to by Edward B. Rosenberg, escheator, was directed to the executor and beneficiary of a will dated August 18, 1955, and codicil dated February 20, 1956, and contained an unjustified, scurrilous attack upon Rev. Noah W. Moore, a respondent and a minister of the gospel. Apparently, the averments of this petition were not independently investigated by the Attorney General's office before filing. Subsequently, the existence of an earlier will was discovered, whereupon another petition was filed and citation granted directed to the parties under the

earlier will. All of the latter appeared by counsel who participated actively in the trial. Although they stand more to lose by the decision of the hearing judge than does the Commonwealth or the escheator, who will have the additional burden of setting aside the earlier will in order to prevail, they are apparently satisfied with the decree because they have not filed exceptions thereto. Nonetheless, the Commonwealth continues to support the charges of the escheator and has filed 22 exceptions.

The opinion of the hearing judge carefully reviews the more than 700 pages of testimony, which he patiently heard. In his opinion he finds as facts that testatrix was possessed of testamentary capacity and was not unduly influenced when she executed her will on August 18, 1955, or upon the execution of the codicil on February 20, 1956. Since this proceeding is an issue devisavit vel non and not a trial by jury, or upon waiver, by a chancellor sitting as a jury, the findings of fact and the failure of the hearing judge to conclude that there is no substantial dispute of a material fact involved, render his decision irregular: DeLaurentiis's Estate, 323 Pa. 70. However, whatever error, if any, is involved is harmless. Our thorough review of the record convinces us that there is present no substantial dispute of a material fact and that the exceptions are without merit. Were a jury to find against this will and codicil, we would be required to set the verdict aside as against the manifest weight of the evidence: Lare Will, 352 Pa. 323.

In addition to the recital of the testimony and the observations respecting it appearing in the opinion of the learned hearing judge, we point out for purposes of emphasis certain outstanding features of this record. The testimony of the two physicians, Dr. Shigeoka, the attending physician, and of Dr. Hedson,

the referring physician, upon which contestants mainly rely and upon which Dr. A. M. Ornsteen, noted neurologist and psychiatrist, predicated his equivocal conclusion, is utterly self-destroying because of its vagueness and ambiguity. The overwhelming testimony contained in the hospital records also refutes their statements of fact and their conclusions. The indefiniteness of time of events to which they referred reduces their testimony below the level of that of proponents' witnesses: Masciantonio Will, 392 Pa. 362.

As the learned hearing judge points out, the codicil having been written on the third page of the will, republished the will: Knecht's Estate, 341 Pa. 292. Not only is contestants' testimony respecting the execution of this codicil most obscure, but the conclusion of the hearing judge we find is completely supported by the testimony of the two disinterested subscribing witnesses to the codicil and by the clear and convincing testimony of Mrs. Catherine R. Johnson, matron of the Stephen Smith Home, to which testatrix was admitted on February 23, 1956, three days after the execution of the codicil, and where she died on March 21, 1956. Mrs. Johnson testified that testatrix throughout her stay at the Home was coherent, intelligible and definite even up to a half hour before her death.

Mrs. Ruth Taxdall, an experienced family counsellor and employed as a caseworker for the Home, testified that when she interviewed testatrix several days before the execution of the codicil and prior to testatrix's admission to the Home, she found that testatrix was a "well oriented woman, not repetitious, that she answered appropriately, did not laugh inappropriately, a woman who knew what she wanted and I had the feeling that she would adjust well." She stated also that testatrix answered all questions "very responsively and coherently": These incidents took place at

least three months after testatrix was discharged from the Oncologic Hospital and at a time apparently when she was removed from the effects of drugs.

The conduct of James K. Baker, Esq., the scrivener of the will, of the codicil and as well of a power of attorney, was entirely regular throughout his association with testatrix. He was careful in obtaining testatrix's instructions pertaining to her will and codicil outside of the presence of any of the interested parties and presented his written notations of such instructions at the trial. As a result of the most thorough examination and inquiry into the conduct of Rev. Noah Watson Moore, Jr., Rev. Moore emerges as a compassionate and singularly faithful minister and aide to testatrix and his church, Tindley Temple Methodist Church, a worthy object of testatrix's bounty.

The contestants' testimony raises no substantial or serious doubt or question. To maintain that this will is an unnatural distribution is without merit. Testatrix, who had no next of kin, is quoted as stating that she did not want the Commonwealth to acquire her estate. Her assigned reason for her coldness toward Lucy Barksdale, a beneficiary under the prior will, that the latter had failed to apply money that testatrix had given her to pay her bill at St. Luke's hospital, was not denied. On the other hand, her connection with Tindley Temple Methodist Church, the residuary legatee, was definitely proved by the church records and otherwise.

We are completely satisfied, therefore, that proponents having established the execution of the will and particularly of the codicil, contestants have not met the heavy burden of establishing the existence of a substantial dispute upon a material fact.

Accordingly, the decree of the learned hearing judge is sustained and all exceptions are dismissed.